[899 NYS2d 175]

In the Matter of BRENNA L. STEWART (Admitted as BRENNA LYNNE STEWART), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kim Petersen* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Brenna L. Stewart was admitted to the practice of law in the State of New York by the First Judicial Department on January 23, 1995 under the name Brenna Lynne Stewart. During some of the time relevant to this proceeding, respondent maintained a law office within the First Judicial Department.

On September 3, 2008, respondent pleaded guilty to one count of petit larceny in violation of Penal Law § 155.25, a class A misdemeanor, in full satisfaction of all charges brought against her for providing a false document in 2005 to her then employer, the Bronx Leadership Academy II, a public school. Her purpose was to receive paid leave to which she would have otherwise not been entitled. On October 10, 2008, she was sentenced to a one-year conditional discharge.

By unpublished order entered March 20, 2009, we deemed the offense of which respondent was convicted to be a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and directed a Hearing Panel of the Disciplinary Committee to conduct a hearing on the appropriate sanction.

The Hearing Panel held a hearing and respondent, represented by counsel, and seven character witnesses testified. Respondent's treating psychologist also testified. The Panel heard evidence that respondent had paid the Department of Education back all sums owed for leave taken for which she should not have been paid as well as evidence of plaintiff's extensive pro bono legal and community service. The Panel also considered the convergence of personal, medical, financial and emotional problems upon her at the time of her misconduct, as well as the remorse that she showed for submitting the altered death certificate in order to improperly obtain bereavement leave, and that restitution had been made. The Hearing Panel recommended a suspension of six months, citing *Matter of Vasquez* (1 AD3d 16 [1st Dept 2003]).

The Departmental Disciplinary Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's report, and suspending respondent from the practice of law for not less than six months. Respondent requests that this Court accept the Hearing Panel's recommendation and impose "no more" than a six-month suspension. We agree that, under all of the circumstances here, a six-month suspension is appropriate.

Accordingly, we grant the Committee's motion to confirm the Hearing Panel's findings of fact and conclusions of law and suspend respondent from the practice of law for a period of six months.

TOM, J.P., SAXE, FRIEDMAN, SWEENY and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until further order of this Court.